```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA
```

NANINE MCCOOL                                  CIVIL ACTION

VERSUS                                         NO: 16-14255

DAWN AMACKER, ET AL.                           SECTION: "J"(2)

## ORDER & REASONS

Before the Court are Defendants' *Motions to Dismiss* **(R. Docs. 3, 4, 6).**[1] Plaintiff has not filed a response to any of the Defendants' motions. Having considered the motions and legal memoranda, the record, and the applicable law, the Court finds that the motions should be **GRANTED**.

## FACTS AND PROCEDURAL BACKGROUND

The facts underlying this litigation are outlined in detail in the Louisiana Supreme Court's decision *In re McCool*, 2015-0284 (La. 6/30/15); 172 So. 2d 1058. In short, Plaintiff was disbarred for violations of Rule 3.5(a)-(b) and Rule 8.4(a),(c), and (d) of the Louisiana Rules of Professional Conduct. *Id.* at 1078. After

---

[1] Defendants include: The Honorable Dawn Amacker of the 22nd Judicial District Court of Louisiana, in her official capacity; The Honorable Bernette J. Johnson of the Louisiana Supreme Court, in her official capacity; The Honorable Greg G. Guidry of the Louisiana Supreme Court, in his official capacity; The Honorable Scott J. Crichton of the Louisiana Supreme Court, in his official capacity; The Honorable Jeannette Theriot Knoll of the Louisiana Supreme Court, in her official capacity; The Honorable Marcus R. Clark of the Louisiana Supreme Court, in his official capacity; the Honorable John L. Weimer of the Louisiana Supreme Court, in his official capacity; Retired Judge James L. Cannella, in his official capacity; Damon S. Manning, an attorney and investigator for the Louisiana Attorney Disciplinary Board; Tammy Pruet Northrup, an attorney and investigator for the Louisiana Attorney Disciplinary Board; and The Honorable Deborah Gambrell of the Tenth District Chancery Court of Mississippi.

the Louisiana Supreme Court rendered its decision in *In re McCool*, Plaintiff filed this lawsuit pursuant to 42 U.S.C. § 1983. Plaintiff alleges Defendants violated her rights under the First, Fifth, and Fourteenth Amendments to the United States Constitution, along with other alleged violations of the Louisiana Constitution. (R. Doc. 1 at 1, 4.) Specifically, Plaintiff alleges that the Defendants acted "independently and in concert under color of state law to deprive [Plaintiff] of her [First] Amendment Right of freedom of speech, and to deprive her of substantive due process and equal protection under the law." *Id.* at 3. Plaintiff also alleges that two of the Defendants, Damon S. Manning and Tammy Pruet Northrup, made false and misleading statements during Plaintiff's disciplinary proceeding. *Id.* at 9-10. Consequently, Plaintiff seeks damages, including punitive damages and attorney's fees, for these alleged constitutional violations. *Id.* at 11. In response to the filing of this lawsuit, Defendants filed separate motions to dismiss. (R. Docs. 3, 4, 6.) In short, Defendants argue that they did not violate Plaintiff's constitutional rights and that they are immune from civil liability. *See id.* Plaintiff did not file a response to any of the Defendants' motions. Defendants' motions are now before the Court on the briefs and without oral argument.

**LEGAL STANDARD**

A.   **Dismissal for Lack of Subject Matter Jurisdiction**

In deciding a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), "the district court is 'free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has the power to hear the case.'" *Krim v. pcOrder.com, Inc.*, 402 F.3d 489, 494 (5th Cir. 2005). The party asserting jurisdiction must carry the burden of proof for a Rule 12(b)(1) motion to dismiss. *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 762 (5th Cir. 2011). The standard of review for a motion to dismiss under Rule 12(b)(1) is the same as that for a motion to dismiss pursuant to Rule 12(b)(6), which is discussed below. *United States v. City of New Orleans*, No. 02–3618, 2003 WL 22208578, at *1 (E.D. La. Sept. 19, 2003).

B.   **Dismissal for Failure to State a Claim**

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 346 (2005). The allegations "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to "state a claim to relief that is

3

plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232–33 (5th Cir. 2009); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). The court is not, however, bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

## DISCUSSION

The Eleventh Amendment has been interpreted by the Supreme Court to bar suits by individuals against nonconsenting states. *Bd. of Trs. of the Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001). "Congress may, however, abrogate such immunity in federal court if it makes its intention to abrogate unmistakably clear in the language of the statute and acts pursuant to a valid exercise of its power under § 5 of the Fourteenth Amendment." *Nevada Dep't of Human Res. v. Hibbs*, 538 U.S. 721, 726 (2003). In § 1983 official capacity suits, "the action is in essence one for the recovery of money from the state" itself rather than the nominal defendant. *Edelman v. Jordan*, 415 U.S. 651, 663 (1974) (holding that the "state is the real, substantial party in interest and is entitled

4

to invoke its sovereign immunity from suit even though individual officials are nominal defendants"). Therefore, "the principle of state-sovereign immunity generally precludes actions against state officers in their official capacities." *McCarthy ex rel. Travis v. Hawkins*, 381 F.3d 407, 412 (5th Cir. 2004).[2]

State courts are an arm of the state entitled to sovereign immunity. *Allen v. Howard*, No. 13-233, 2014 WL 1330089, at *3 (E.D. La. April 3, 2014) (citing *Nat'l Ass'n for Advancement of Colored People v. State of Cal.*, 511 F. Supp. 1244, 1257 (E.D. Cal. 1981) *aff'd sub nom.* NAACP v. State of Cal., 711 F.2d 121 (9th Cir. 1983)) (collecting cases and noting that courts considering this question have "consistently held that state courts are "arms" of the state and that they are entitled, as such, to share in the protection against suit afforded by sovereign immunity."); *Jefferson v. La. State Supreme Court*, 46 F. App'x 732, 732 (5th Cir. 2002) ("The Eleventh Amendment clearly bars Jefferson's § 1983 claims against the Louisiana Supreme Court, which is a branch of Louisiana's state government.") By Plaintiff asserting her § 1983 claims against Judge Dawn Amacker, Justice Bernette J. Johnson, Justice Greg G. Guidry, Justice Scott J. Crichton, Justice

---

[2] There are exceptions to this general rule. Whether a state officer may be sued in her official capacity under 42 U.S.C. § 1983 depends on what relief is being sought by the plaintiff. *Boyle v. Kliebert*, No. 13-5717, 2014 WL 4539658, at *2 (E.D. La. Sept. 10, 2014). "An official capacity suit may proceed where the plaintiff is seeking only prospective injunctive relief, but must be dismissed where the plaintiff is seeking money damages. *Id.* (citing *Am. Bank & Trust Co. of Opelousas v. Dent*, 982 F.2d 917, 921 (5th Cir. 1993).

Jeannette Theriot Knoll, Justice Marcus R. Clark, Justice John L. Weimer, Retired Judge James L. Cannella,[3] and Judge Deborah Gambrell[4] in their official capacities, Plaintiff essentially seeks recovery of money from the State,[5] and claims for money damages by a private citizen against the State are barred under the doctrine of sovereign immunity. *Allen*, 2014 WL 1330089, at *3 (citing *Kaminsky v. Rosenblum*, 929 F.2d 922, 925 (2d Cir. 1991) ("Absent consent by the state, a § 1983 action brought against a public officer in his official capacity is barred by the Eleventh Amendment.") Therefore, unless an exception applies, this Court lacks subject matter jurisdiction to hear Plaintiff's § 1983 claims against these Defendants due to the State's sovereign immunity. Plaintiff has not filed an opposition to any of the Defendants' motions, nor is the Court aware of any exception that may apply in this case. *See id.* (discussing waiver exception and *Ex Parte Young* exception, neither of which apply in this case); *see also Hughes v. Johnson*, No. 15-7165, 2016 WL 6124211, at *4 (E.D. La. Oct. 20,

---

[3] Retired Judge James L. Cannella was assigned as Justice ad hoc and sat in place of Justice Jefferson D. Hughes, III, who was recused, in *In re McCool*.
[4] Although Judge Gambrell has not filed a pleading or motion in this lawsuit, this Court is "duty-bound to examine the basis of subject matter jurisdiction *sua sponte*. . . ." *Raj v. La. State Univ.*, 714 F.3d 322, 329 (5th Cir. 2013); *Weekly v. Morrow*, 204 F.3d 613 (5th Cir. 2000) ("Federal courts may examine the basis of their jurisdiction *sua sponte*, even on appeal."). Accordingly, this Court must determine whether it has subject matter jurisdiction over Judge Gambrell, who is sued by Plaintiff in her official capacity. *See id.;* (R. Doc. 1 at 2.)
[5] Plaintiff's prayer for relief seeks "damages against each defendant individually and collectively as permitted by law, including as appropriate punitive damages and attorney's fees." (R. Doc. 1 at 11.) Plaintiff's complaint makes no mention of injunctive relief. *See id.*

2016) (citing La. Rev. Stat. § 13:5106(A) (2010)) (explaining that "Louisiana has explicitly asserted its sovereign immunity by statute.") Accordingly, the Court finds that Plaintiff's § 1983 claims against Judge Dawn Amacker, Justice Bernette J. Johnson, Justice Greg G. Guidry, Justice Scott J. Crichton, Justice Jeannette Theriot Knoll, Justice Marcus R. Clark, Justice John L. Weimer, Retired Judge James L. Cannella, and Judge Deborah Gambrell in their official capacities must be dismissed without prejudice for lack of subject matter jurisdiction. *See Ecker v. United States*, 358 F. App'x 551, 552-53 (5th Cir. 2009) (sovereign immunity deprives the Court of subject matter jurisdiction); *Hughes*, 2016 WL 6124211, at *4 (dismissing § 1983 claims against Louisiana Supreme Court justices without prejudice).

Similarly, Tammy Pruet Northrop and Damon S. Manning are entitled to qualified immunity protection. *See Loughlin v. Tweed*, 310 F.R.D. 323, 335 (E.D. La. 2015) (finding "deputy disciplinary counsel," acting in his official capacity through the Louisiana Office of Disciplinary Counsel was entitled to qualified immunity pursuant to the Eleventh Amendment). The Louisiana Attorney Disciplinary Board is entitled to qualified immunity for monetary claims under the Eleventh Amendment. *Atkins v. La. Attorney Disciplinary Bd.*, No. 09-6471, 2010 WL 420558 (E.D. La. Jan. 29, 2010). Here, Defendants Northrop and Manning were sued in their official capacities as "attorney[s] and investigator[s] for the

7

Louisiana Attorney Disciplinary Board." (R. Doc. 6-1 at 3.) Specifically, Plaintiff's complaint states that Damon Manning was acting "in his professional capacity as an investigating attorney for the [Louisiana Attorney Discipline Board]"[6] and that Tammy Pruet was acting "on behalf of the [Louisiana Attorney Discipline Board]."[7] Plaintiff does not assert that she is suing Defendant Northrop or Manning in their personal capacities. *See* (R. Doc. 1.) Further, Plaintiff did not file a response to Defendants' motions and thus does not argue that Manning and Northrop are sued in their individual capacities. Accordingly, because Defendant Northrup and Manning were acting in their official capacities as Louisiana Attorney Disciplinary Board personnel, Plaintiff's § 1983 claims against Defendants Tammy Pruet Northrop and Damon S. Manning are dismissed without prejudice for lack of subject matter jurisdiction. *See Loughlin*, 310 F.R.D. at 335.

Plaintiff's remaining claims sound in state law for violations of the Louisiana Constitution. (R. Doc. 1 at 4.) When federal law claims in an action based on federal question jurisdiction are eliminated and only state law claims remain, the federal court should not continue to exercise jurisdiction. *Lucien v. Jones*, No. 16-9591, 2016 WL 4942997, at *7 (E.D. La. Sept. 16, 2016) (citing *Bruneau v. Deposit Ins. Corp.*, 785 F. Supp. 585, 590

---

[6] R. Doc. 1 at 7.
[7] R. Doc. 1 at 9-10.

(E.D. La. 1992)). Federal courts may relinquish jurisdiction by either dismissing the case without prejudice or in cases that have been removed, by remanding the case to state court. *Id.* (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343 (1988)). This case was filed in federal court, and the Court cannot remand a case that was not initially removed. *Id.* Accordingly, Plaintiff's remaining state law claims for violations of the Louisiana Constitution are dismissed without prejudice.[8]

Finally, Defendants ask that Plaintiff's complaint be dismissed "at plaintiff's cost." (R. Doc. 3-1 at 6; R. Doc. 4-1 at 6; R. Doc. 6-1 at 7.) Pursuant to 42 U.S.C. § 1988, in any action to enforce a provision of 42 U.S.C. § 1983, the court, in its discretion, may award the prevailing party, other than the United States, reasonable attorney's fees as part of the costs. 42 U.S.C. § 1988(b); *Waganfaeld v. City of New Orleans*, No. 06-5036, 2011 WL 809318, at *2 (E.D. La. Mar. 2, 2011). However, Defendants failed to address any of the factors relevant to awarding attorney's fees pursuant to 42 U.S.C. § 1988. *See Dean v. Riser*, 240 F.3d 505, 508 (5th Cir. 2001). Accordingly, the Court declines to exercise its discretion to award Defendants attorney's fees in this case.

---

[8] Specifically, Plaintiff alleges violations of Louisiana Constitution Article 1, Sections 2, 3, 7, 9, and 22. (R. Doc. 1 at 4.) These claims, along with any other cognizable state law claims, are dismissed without prejudice.

9

**CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' *Motions to Dismiss* **(R. Docs. 3, 4, 6)** are **GRANTED**. Plaintiff's § 1983 claims are hereby **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that Plaintiff's remaining state law claims are **DISMISSED WITHOUT PREJUDICE.**

New Orleans, Louisiana this 4th day of November, 2016.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE